IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

| | |
|---|---|
| DARRENTON WILLIAMS,<br>on behalf of himself and all others similarly situated,<br>          Plaintiff,<br>v.<br><br>ALOHA POOLS AND SPAS, LLC,<br>ALOHA POOLS AND SPAS OF JACKSON, LLC and DENNIS AND MICHELLE COOK, in their individual capacities<br><br>          Defendants. | Case No.:<br><br>COLLECTIVE ACTION<br><br>Jury Trial Demanded |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Darrenton Williams ("Plaintiff"), former employee of Aloha Pools and Spas, LLC (alternately called Aloha Pools Spas of Jackson, Union County, and Paducah, LLC), Aloha Pools and Spas of Jackson, LLC, and Dennis and Michelle Cook in their individual capacities (collectively, "Aloha" or "Defendant(s)") brings this action on behalf of himself and all other similarly situated employees and former employees ("Class") who are or were improperly paid less than required overtime wages as a Section 216(b) Collective Action under the Fair Labor Standards Act ("FLSA") by Aloha Pools and Spas, LLC ("Aloha").

## THE PARTIES

1. Plaintiff Darrenton Williams is a resident of Lexington, Henderson County, Tennessee. He is a former employee of Aloha, and worked as a laborer. While working for Aloha,

1

his responsibilities included pouring concrete, putting liners in pools, and otherwise assisting in the construction of swimming pools. He was hired by Aloha in or about late March 2015 and quit in or about June 2015. At all times relevant to the events described herein, Mr. Williams was Defendants' employee pursuant to 29 U.S.C. § 2013(e)(1).

2. Defendant Aloha Pools and Spas, LLC (alternately called Aloha Pools & Spas of Jackson, Union City, and Paducah, LLC), upon information and belief, is a former Tennessee Limited Liability Company that was registered to do business in Tennessee and the predecessor in interest to Aloha Pools and Spas of Jackson, LLC, whose principal office was located at 614 Carriage House Drive, Jackson, Madison County, Tennessee 38351, and whose registered agent was Dennis Cook.

3. Defendant Aloha Pools and Spas of Jackson, LLC, is a Tennessee Limited Liability Company that is registered to do business in Tennessee, whose principal place of business is 614 Carriage House Drive, Jackson, Madison County, Tennessee 38351, and whose registered agent is Dennis Cook.

4. Defendants Dennis and Michelle Cook are individual residents of Madison County, Tennessee, who are doing business as Aloha Pools and Spas located at 614 Carriage House Drive, Jackson, Tennessee.

5. Defendants' place of business is and was located within the boundaries of the U.S. District Court, Western District of Tennessee, Jackson Division.

6. Defendants are an employer as contemplated by 29 U.S.C. § 203(d).

## LEGAL BASES FOR COMPLAINT

7. Plaintiff Darrenton Williams brings this action as a Collective Action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of himself

and a Class consisting of former and current hourly employees who are owed unpaid wages under the FLSA, 29 U.S.C. § 201 *et seq*. Plaintiff brings this action to recover the compensation, liquidated damages, costs, and reasonable attorneys' fees that he and members of the Class are entitled to under the FLSA.

8. Plaintiff specifically alleges that Defendant has a practice of paying its laborers "straight time" for all hours, including those hours worked over 40 in a single week in violation of FLSA, 29 U.S.C. § 207, which requires that non-exempt employees who work more than 40 hours in a workweek be paid at a rate of "not less than one and one-half times the regular rate at which he is employed."

9. Although certain Aloha current and former employees may be exempt from overtime wages, the majority are and were not, including Plaintiff for all or part of his employment with Aloha.

10. The employment practices of Aloha as described herein were directed by the Defendants and affected each and every non-exempt hourly employee in their employment.

**JURISDICTION & VENUE**

11. This Court has jurisdiction over this action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), which provides: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1331 because this action arises under the laws of the United States, 29 U.S.C. § 201 *et seq*.

12. This Court has personal jurisdiction over Aloha because it: (1) operates a business within this District; (2) committed acts in violation of the FLSA as alleged herein within this District; (3) maintained continuous and systematic contacts with this District over a period of years; and (4) purposefully availed itself of the benefits of doing business within this District.

13. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Aloha has a principal place of business in this District, conducts business within this District, has agents within this District, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

14. Upon information and belief, approximately 30 hourly laborer employees were employed by Defendant during the time period that Plaintiff was employed by Aloha. Upon information and belief, Aloha has failed to properly pay overtime to between 30 and 100 hourly laborer employees during the applicable timeframe established by the applicable statute of limitations.

## SUBSTANTIVE ALLEGATIONS

15. In 1969, Aloha began as a family business building custom in-ground swimming pools and spas in Tennessee. Over the years, the company expanded to surrounding states, including but not limited to Arkansas, Missouri, Kentucky, and Mississippi, and added additional products and services to its business, including but not limited to selling, installing, and servicing pools, spas, saunas, tanning beds, other outdoor lifestyle products, and opened retail sales establishments.

16. According to its original website,[1] "[a]s of Jan 1, 2016 [each] Aloha Pools & Spas is independently owned and operated. As such, SwimAloha.com is no longer updated." This

---

[1] http://swimaloha.com/ (last viewed on June 25, 2017).

website indicates that "all locations [are] now independently owned and operated."

17. Aloha Pools and Spas is aware that under the Fair Labor Standards Act, it is required to pay time and one half for all hours over 40 worked in a week to all employees who are not otherwise exempt.

18. In October 2014, Aloha was sued for substantially the same violations of FLSA in this Court (see *Vickers v. Aloha Pools and Spas*, W.D. Tenn., Case: 1:14-cv-02863-JDB-egb, ECF #1, filed Oct. 30, 2014). That case is distinguishable from the case now before the Court because the Plaintiff Vickers from his first day of employment was hired "a truck driver driving trucks weighing over 10,000 pounds in interstate commerce." *Id.* at ECF #15, ¶ 18. That case ultimately resulted in a compromise and a stipulated dismissal by the parties.

19. Thus, prior to hiring Plaintiff and as a result of the *Vickers* litigation, Aloha was well-aware that its straight time payroll practices for hours over 40 in a workweek, when paid to non-exempt hourly employees, are in direct violation of FLSA.

20. Upon information and belief, Aloha may have changed its payroll practices to begin paying overtime wages as required under FLSA. However, Aloha has not reimbursed current and former employees, including Plaintiff Darrenton Williams for lost wages prior to its change in policy.

## PLAINTIFF-SPECIFIC FACTS

21. Plaintiff Darrenton Williams was hired by Aloha in or about late March 2015 and began working on or about April 2, 2015. At the time that he began working for Aloha, he initially worked as a general laborer on swimming pool installation and construction projects. For approximately the first month of his employment with Aloha, he and other crew members worked

5

on job sites preparing the site, installing concrete formwork, installing plumbing, and other tasks necessary for the installation and or construction of swimming pools and spas.

22. At the beginning of his employment with Aloha, Plaintiff did not drive Aloha's vehicles in the performance of his duties, nor was he hired for that purpose.

23. Initially Plaintiff was offered and was paid $9.00 per hour. On his first one-week paycheck (beginning April 2, 2015), his gross pay was $477.00 for 53 hours of work. He was not paid time and one-half overtime for the 13 hours that he worked over forty hours that week.

24. When Plaintiff confronted Aloha about not receiving time and one-half for the overtime hours, Aloha offered instead to increase his pay to $11.40 per hour *rather than* paying overtime as required by the FLSA.

25. The following week (beginning April 9, 2015), Plaintiff worked a total of 73.25 hours and was paid $11.40 per hour, with no additional overtime pay for the 33.25 hours he worked over 40 hours in that week. His gross wages paid that week were $835.05.

26. Plaintiff and other employees verbally objected to Aloha's failure to pay overtime, yet none of the laborer-employees received overtime pay despite working extremely long days. Many laborers quit as a result of the unfair wage practices, and the turnover rate for laborers was extremely high.

27. After Plaintiff worked for Aloha for several weeks, an employee who had been driving Aloha's vehicle with plumbing parts and tools quit. At that point, Plaintiff was asked if he had a driver's license, if he knew how to drive a stick-shift, and if he was able to drive a vehicle with a trailer. He responded that he did have a license and was able to perform these specific driving tasks.

28. Shortly thereafter Plaintiff was asked to drive one of the company's vehicles to and from job sites and retail establishments, as well as continuing to work as a laborer on site preparation, swimming pool construction, and installation of pool liners.

29. Plaintiff's work for Aloha included crossing state lines.

30. Plaintiff does not and never has had a commercial driver's license, nor was he required to get one by Aloha.

31. During at least some of the time period that Plaintiff was driving the Aloha's truck as one part of his job, at least one vehicle he drove weighed over 10,000 lbs. gross weight.

32. Plaintiff's job duties, at least at the beginning of his employment if not during the entire course of his employment, did not qualify him to be treated as exempt from the FLSA's overtime compensation requirements.

33. Plaintiff's later weeks of employment when he was asked to drive a vehicle for Aloha, like the Aloha employee in the *Vickers* case, may have made him exempt for overtime wages on the basis of the Motor Carrier exemption although Plaintiff reserves the right to dispute whether he was an exempt employee.

34. At all times during his employment, Aloha paid Plaintiff only "straight time" and never time and one half of his regular rate of pay as required by FLSA. In every week of his employment (except his final work week), he worked at least 53 hours and as many as 73.25 hours in a 7-day period.

35. Plaintiff quit working for Aloha due to the company's failure to properly pay overtime to him and its other employees despite their long hours of work.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), also commonly referred to as an "opt-in" class, on behalf of themselves and the following collective:

*All current and former Aloha hourly employees who are not exempt, and who during the applicable statute of limitations period were not fully compensated for all overtime hours (i.e. those over 40 hours in a workweek) at a rate of no less than one and one-half times their regular rate of pay as required under the Fair Labor Standards Act.*

37. Excluded from the class definitions are the Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, Defendants' employees other than those paid hourly, principals, servants, partners, joint venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or their officers and/or directors, or any of these persons; the Judge assigned to this action, any member of the Judge's immediate family; and counsel for the Plaintiff.

38. **Numerosity**. Plaintiff is informed and believe, and on that basis allege, that the proposed Class contains no less than 30 and potentially over 100 similarly situated persons who are either currently or formerly employed on an hourly basis by Aloha. The precise number of Class Members is currently unknown to Plaintiff. The true number of Class Members is known by Defendants, however, and thus, may be notified of the pendency of this action by first class mail, electronic mail, and by published notice. The members of the Class are so numerous that joinder of all members would be impracticable.

39. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any

questions affecting only individual Class Members. These common legal and factual questions include, but are not limited to, the following:

    a. Whether Aloha failed to pay no less than one and one-half times the non-exempt employees' regular rate of pay for all hours worked over 40 in a single workweek by the Class;

    b. Whether Aloha engaged in the unlawful employment practices alleged herein;

    c. Whether Aloha's failure to pay overtime at the rate required by the FLSA was intentional and knowing;

    d. Whether Aloha is liable to Plaintiff and members of the Class for damages including but not limited to unpaid wages and statutory penalties for its conduct that is actionable under U.S. federal laws; and;

    e. Whether Plaintiff and members of the Class have sustained damages as a result of Aloha's conduct, and, if so, the appropriate measure of damages.

40. **Typicality**. Plaintiff's claims are typical of the claims of the Class Members in that Plaintiff and each member of the Class have been injured by the same wrongful conduct of Aloha. Plaintiff's claims arise from the same practices and course of conduct that gave rise to the Class Members' claims and are based on the same legal theories. Plaintiff, like all Class Members, has not been fully compensated Aloha pursuant to federal labor laws, and thus Plaintiff, like all Class Members, have been damaged by Aloha's unlawful conduct. All otherwise non-exempt hourly employees, including Plaintiff and Class Members, are compensated under an identical compensation scheme, paid weekly on a "straight time" basis without overtime.

41. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex class

9

action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

42. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual members of the Class is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendants. It would thus be virtually impossible for the members of the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if members of the Class could afford such individualized litigation, the court system could not. Individualized claims brought by members of the Class would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## COUNT I
## FAIR LABOR STANDARDS ACT
### Overtime Wages Required Under 29 U.S.C. § 207
**(on behalf of all current and former non-exempt hourly employees)**

43. Plaintiff repeats and realleges the allegations set forth above as if fully contained herein.

44. Aloha is in the business of building and installing in-ground and above ground pools, selling and installing spas and saunas, and selling supplies and services for these products.

45. At all relevant times, as a provider of "trade [and] commerce . . . among the several States or between any State and any place outside thereof," Aloha has been engaged in "commerce" as defined by FLSA, 29 U.S.C. § 203(b).

46. At all relevant times, Aloha constituted an "employer" engaged in commerce as defined by Section 3(d) of the FLSA, 29 U.S.C. §§ 203(d).

47. At all relevant times, Plaintiff and the Class were considered "employees" under Section 3(e) of the FLSA, 29 U.S.C. § 203(e), as well as "employees engaged in commerce" under Section 6(a) of the FLSA, 29 U.S.C. § 207.

48. Section (a)(1) of the FLSA, 29 U.S.C. § 207, provides:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

49. Although Section 13(b)(1) of the FSLA, 29 U.S.C. § 213(b)(1), exempts "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49," during at least a portion of Plaintiff's employment he did not qualify under this exemption, and during the latter part of his employment, he reserves the right to dispute whether his status changed to exempt under this provision.

50. Aloha's violations of 29 U.S.C. § 207 were repeated, willful and intentional, and therefore subject to a three year statute of limitations since "the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the statute."

51. As a result of Defendants' willful and wrongful conduct, Plaintiff and the Class have been deprived of wages and have suffered damages.

52. Plaintiff, on behalf of himself and all Aloha hourly employees who opt to join in this collective action, demand judgment against Aloha for wages for each hour that they worked over 40 hours in a workweek for the three years preceding the filing of this complaint, plus an equal amount as liquidated damages, as well as reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action, and such other and further relief as may be just and proper.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for the following relief against Aloha as follows:

A. An order enjoining Aloha from retaliatory actions against Class members who opt-in to the Fair Labor Standards Act collective action;

B. An order declaring that the action is a proper collective action pursuant to 29 U.S.C. § 216(b) as to the FLSA claims alleged herein; certifying an opt-in class; and directing Aloha to provide a list of all persons it employs or has employed as hourly non-exempt employees in the last three years prior to the filing of the complaint, including the last known address, email, and telephone numbers of current and former employees;

C. An order determining that the conduct alleged herein is unlawful under the FLSA;

D. An award of monetary damages to Plaintiff and the Class in such amount as may be determined at trial;

E. An award to Plaintiff and the Class for reasonable attorneys' fees and costs, including but not limited to reimbursement of all costs related to the prosecution of this action; and

F. An award to Plaintiff and the Class of any such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted on this the 30th day of June, 2017.

**GREG COLEMAN LAW, P.C.**


*/s/ Gregory F. Coleman*
Gregory F. Coleman


Gregory F. Coleman, TN BPR #014092
greg@gregcolemanlaw.com
Lisa A. White, TN BPR #026658
(*Western District of Tennessee Admission to be sought concurrent with this case*)
lisa@gregcolemanlaw.com
**GREG COLEMAN LAW, PC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

***Attorneys for Plaintiff and Proposed Class***