**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE,**
**WESTERN DIVISION**

| | |
|---|---|
| **DARRENTON WILLIAMS, on behalf of himself and all others similarly situated,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**ALOHA POOLS AND SPAS, LLC, ALOHA POOLS AND SPAS OF JACKSON, LLC, and DENNIS AND MICHELLE COOK, in their individual capacities,**<br><br>    **Defendants.** | **Case No. 1:17-cv-01129-SHL-egb** |

**SECOND JOINT MOTION FOR SETTLEMENT APPROVAL**

Plaintiff Darrenton Williams ("Williams") and Defendants Aloha Pools and Spas of Jackson, LLC, and Dennis Cook and Michelle Cook ("Defendants") submit their second joint motion seeking approval from this Court of their mediated and negotiated compromise settlement resolving Williams' claims.  As required by the Court in its Order Denying Parties' Motion for FLSA Settlement Approval (Order, ECF No. 35), the parties attach the proposed Settlement Agreement and Release as **Exhibit 1**.

## I. PROCEDURAL BACKGROUND

Williams filed suit against Defendants on July 3, 2017, alleging that he and unnamed members of a potential collective action were unlawfully denied overtime under the Fair Labor Standards Act ("FLSA").  (Complaint, ECF No. 1). Defendants maintain that Williams and any similarly situated employee were covered by the Federal Motor Carrier Exemption

06815-82541 (GAL)

to the FLSA and so were not entitled to overtime pay. (Answer, ECF No. 18). The Scheduling Order entered by this Court required that the parties mediate this case by January 18, 2018. (ECF No. 24). Prior to their mediation, the parties engaged in written discovery. On January 3, 2018, both parties, acting in good faith, participated in mediation. (ECF No. 32). The parties did not reach agreement on January 3 but continued negotiating with the assistance of the mediator and were able to reach an agreement that resolved all issues on January 31, 2018.

## II. FACTUAL BASIS FOR SETTLEMENT

The parties considered the following factual allegations in agreeing to the settlement which are undisputed for purposes of this Second Joint Motion for Settlement Approval.

1. Williams was hired by Aloha Pools & Spas of Jackson, Union City, and Paducah, LLC (generally, "Aloha")[1], on April 2, 2015. (Complaint, ECF No. 1; Answer, ECF No. 18).

2. Aloha treated Williams as exempt under the FLSA pursuant to the Motor Carrier Exemption and paid him accordingly. (Compliant, ECF No. 1; Answer, ECF No. 18).

3. Williams quit his employment with Aloha in June 2015. (Complaint, ECF No. 1; Answer, ECF No. 18).

4. Written discovery revealed that, for all his hours worked as an employee of Aloha, Williams would have qualified for some overtime if Aloha had treated Williams as non-exempt. Williams had 13 such hours when his rate of pay was $9.00/hour and 202.50

---

[1] Although it was the legal entity that employed Williams, Aloha Pools & Spas of Jackson, Union City, and Paducah, LLC, was never made a party to this lawsuit as negotiations brought about the proposed settlement prior to the necessity of substituting the correct legal entity as a named defendant. The Defendants in this case are authorized to enter an agreement on behalf of Aloha. Therefore, the "parties" to the proposed settlement agreement are Williams, Aloha Pools & Spas of Jackson, Union City, and Paducah, LLC, Dennis Cook, and Michelle Cook. The proposed settlement also contemplates the dismissal with prejudice of any other claims already made or potentially makeable by Williams against all named defendants.

06815-82541 (GAL)

hours when his rate of pay was $11.40, which would have resulted in an underpayment of overtime wages in the amount of $1,212.75 had Aloha not treated Williams as exempt.

5. Discovery revealed that Aloha has not employed anyone since January 1, 2016. As of January 1, 2016, Defendants Dennis and Michelle Cook formed "Aloha Pools and Spas of Jackson, LLC." Aloha Pools and Spas of Jackson, LLC, does not claim the Motor Carrier Exemption and pays employees in positions comparable to Williams' position with Aloha FLSA-compliant overtime wages when earned.

6. Although Aloha relied upon expert advice prior to implementing the Motor Carrier Exemption, there remain disputed issues of law among the parties about the application of the Motor Carrier Exemption when considering the facts of this case.

### III. WHY THE COURT SHOULD APPROVED THE PROPOSED SETTLEMENT

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982). The district court should also consider whether the proposed settlement is reasonable. Nutting v. Unilever Mfg. (U.S.) Inc., No. 2:14-cv-02239, 2014 WL 2959481, at *3 (W.D. Tenn. June 13, 2014). A court looks to the following factors in determining the fairness and reasonableness of a proposed settlement:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

06815-82541 (GAL)

Nutting, 2014 WL 2959481, at *3 (quoting Dees v. Hydradry, Inc., 706 F.Supp.2d 1227,
1241 (M.D. Fla. 2010)).

Williams and Defendants submit that the proposed settlement agreement attached
as **Exhibit 1** is a result of extensive arms-length negotiations between the parties, who
were represented by legal counsel throughout the process. The mediation, as well as all
negotiations that occurred post-mediation, were facilitated by a professional mediator.  The
parties submit and agree that, taking into consideration Williams' claims, the defenses
asserted by Defendants, and the risks of protracted litigation over the Motor Carrier
Exemption to the FLSA, this settlement is in the best interests of the parties involved in this
matter. The parties further stipulate that they are resolving the matter in order to avoid
unnecessary further costs, time and risks associated with continuing this litigation. The
parties each undertook detailed legal and factual analyses of the claims and defenses in
this action. Given the legal and factual nature of the claims and defenses in this case,
further litigating the case would result in significant additional and unnecessary
expenditures. Therefore, the parties respectfully submit that the Court should approve this
proposed settlement agreement.

Although Williams initially brought his Complaint as a collective action, in agreeing to
settlement on an individual basis, Williams and his legal counsel considered certain factors
that became evident through discovery, including 1) that neither Aloha nor its successor
claimed the Motor Carrier Exemption after December 31, 2015, 2) that Aloha relied upon
expert advice in implementing the Motor Carrier Exemption, and 3) that such factors could
drastically reduce the potential class of employees similarly situated to Williams.  Since the
FLSA has a two year statute of limitations—extended to three years only when an employer

06815-82541 (GAL)

is found to have "willfully" violated the law, McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988)—the statute of limitations in this case could be limited to those employees who were employed by Aloha between July 2015 and December 31, 2015.[2] This class size is likely to be even smaller given that most Aloha workers, like Williams, work during the warmer months when the weather permits pool installation.

In further support of their Second Joint Motion for Settlement Approval, the parties submit the following for the Court's consideration.

### A. The settlement provides Williams with a greater recovery than what he would otherwise be entitled to under the FLSA.

Section 216(b) of the FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). As noted, if Williams were entitled to overtime pay, the parties agree that the most that he would be entitled to in unpaid overtime premium is $1,212.75. Therefore, if he obtained liquidated damages, the parties agree that his total recovery would be $2,424.50.

Notwithstanding the foregoing, the parties have negotiated the settlement agreement attached as **Exhibit 1** and as part of that agreement, Aloha agreed to pay an "incentive fee" to Williams individually for participating in this case, bringing his total payment under this settlement to $5,000. According to the plain language of the FLSA, Williams would have only been entitled to less than half that amount should he fully litigate his claim and prevail.

---

[2] Williams filed suit in this matter in July 2017, so the longest the statute of limitations could extend back for a "willful" violation is July 2014. Since discovery showed a change in payroll policies after December 31, 2015, the window of time for the potential class for a 2-year SOL (non-willful violations) could likely be quite short, i.e. July to December 2015.

06815-82541 (GAL)

**B. The confidentiality provision in the settlement agreement is not prohibited by the FLSA.**

The parties contend that the FLSA does not expressly prohibit the mutual confidentiality provision contained in the proposed settlement agreement.  As recently noted by District Judge Richard Sullivan "the FLSA . . .  imposes no *per se* bar on confidentiality provisions in settlements."  Lola v. Skadden, Arps, Meagher, Slate & Flom LLP, No. 13-cv-5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016).  Judge Sullivan went on to note:

> In any event, since Plaintiffs would be free to decline commenting on the case in response to any future inquiries by the press or otherwise, it is difficult to see why they should be barred from adopting such a posture in advance of settling the matter.  Indeed, the Court is aware of no reason why a settling plaintiff should be allowed to accept less than the maximum potential recovery on the basis of litigation risk, but not be permitted to make nonmonetary concessions, such as minor restrictions on his right to comment on the case, for the same reason.  **And since no one can force Plaintiffs to opine on the case in the future anyway, it is by no means irrational or improper for Plaintiffs to compromise words for dollars as part of a global, arms-length settlement**.  Once again, the Court concludes that this provision is the result of fair bargaining between well-represented parties and embodies a reasonable compromise that does not conflict with the FLSA's purpose of protecting against employer abuses.

Id. (emphasis added).

The parties here recognize that the confidentiality provision approved by Judge Sullivan in Lola is not identical to the one negotiated between the parties in this case.  Nonetheless, Judge Sullivan's reasoning is still instructive.  Williams and Aloha each had counsel, and a well-respected FLSA litigator mediated the case.  In exchange for being paid more than twice his maximum potential award, Williams agreed to the confidentiality provision, which also binds both Aloha and Dennis and Michele Cook.  As with the

06815-82541 (GAL)

employees in Lola, Williams is free not to publicly comment on any settlement agreement of this matter. Thus, neither Williams nor Aloha and Dennis and Michele Cook should be prevented from jointly agreeing to avoid publicly commenting on this settlement agreement in exchange for an arms-length settlement that provides Williams with more than twice his maximum potential award in this case and resolves all claims actually raised and all that could have been raised by Williams against the Defendants without risk of further litigation.

In its Order Denying Parties' Motion for FLSA Settlement Approval, the Court quoted from its decision in Steele v. Staffmark Investments, LLC, noting that confidential FLSA settlements "both contravene[ ] the legislative purpose of the FLSA and undermine[ ] the Department of Labor's regulatory effort to notify employees of their FLSA rights." 172 F.Supp.3d 1024, 1030-31 (W.D. Tenn. 2016). However, since the Court has required the public disclosure of the settlement agreement with the filing of this motion, the terms of this settlement and the Court's approval or disapproval of its terms become available to the public. Therefore, the concern of the Court in Steele and the initial concern here no longer exist as a basis for denying the inclusion of the confidentiality provision in the attached settlement agreement.

**C. Williams' attorney's fees are reasonable in light of Williams' recovery under this settlement and the complexities of the FLSA Motor Carrier Exemption.**

When analyzing a proposed FLSA settlement, the Court should assess the reasonableness of the award of attorney's fees. In other words, the Court should consider whether the fee adequately compensates an employee's legal counsel without producing a windfall. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336-37 (S.D.N.Y. 2012); Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000).

06815-82541 (GAL)

In non-class/collective action cases, the Court determines the reasonableness of attorney's fees by comparing the proposed fees to a lodestar figure (the amount of hours worked by the attorney multiplied by a court-ascertained reasonable hourly-rate). Rawlings v. Prudential-Bache Properties, Inc., 9 F.3d 513, 516 (6th Cir. 1993). Under 29 U.S.C. § 216(b), "[t]he Court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Attorney fees are to be based upon "a reasonable rate and time reasonably expended as opposed to the dollar amount of relief obtained." Posner v. The Showroom, Inc., 762 F.2d 1010 (6th Cir. 1985)(per curiam)(unreported). Substantial fees can be approved even where a plaintiff recovers only nominal damages.

> An award of attorney fees to a prevailing plaintiff under § 216(b) of the FLSA is mandatory, but the amount of the award is within the discretion of the judge. *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 501 (6th Cir. 1984). We thus determine "whether the lower court abused that discretion by awarding an unreasonable fee." *Id.* Since the FLSA does not discuss what constitutes a reasonable fee, "the determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *Id.*
>
> The purpose of the FLSA attorney fees provision is "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Id.* at 502. Courts should not place an undue emphasis on the amount of the plaintiff's recovery because an award of attorney fees here "encourages the vindication of congressionally identified policies and rights." *Id.* at 503. Indeed, we have "upheld substantial awards of attorney's fees even though a plaintiff recovered only nominal damages." *Posner v. The Showroom, Inc.,* 762 F.2d 1010, 1985 WL 13108 at * 2 (6th Cir. 1985) (unpublished).

Fegley v. Higgins, 19 F.3d 1126, 1134-35 (6th Cir. 1994).

06815-82541 (GAL)

Williams seeks approval for his attorneys' fees in the amount of $25,000. He seeks approval of the rate of $550/hour for Greg Coleman, $450/hour for Lisa White and Mark Silvey, and $350/hour for Benjamin Lemly, and submits that such hourly rates are reasonable and have been previously approved for attorneys in FLSA cases by the federal courts in Tennessee. When the hours worked by Williams' attorneys are multiplied by the above hourly fees, the result is a lodestar figure of $58,057.50 up to January 2, 2018, the day before the parties' mediation. See Declaration of Gregory F. Coleman, attached hereto as **Exhibit 2**. Williams' requested attorney's fees of $25,000, which were less than half of the lodestar in this case, are reasonable for the following reasons:

First, the Motor Carrier Exemption defense raised by Aloha is a complex and novel legal issue. It required significant research by Williams' attorneys prior to filing the case, including research of past litigation against Aloha concerning the Motor Carrier Exemption. See Vickers v. Aloha Pools and Spas, W.D. Tenn., Case: 1:14-cv-02863-JDB-egb. This research was of even greater importance to make sure that Williams' claims were not frivolous and to distinguish Williams' claims from other cases previously litigated. This initial research, the pleadings filed, as well as the time and effort put forth in written discovery, preparation for mediation, and mediation itself resulted in attorney's fees and costs far greater than the $25,000 presented for approval, as noted above. However, as part of arm's length settlement negotiations, Williams' attorneys agreed to reduce their claimed fees and costs to conclude the matter.

Second, as noted above, Williams' recovery of $5,000 as part of this settlement includes back wages and liquidated damages in addition to an incentive fee, which the parties agree more than doubles his recovery compared to the amount he would otherwise

9

06815-82541 (GAL)

be entitled to under the FLSA.  Therefore, even though, as the Court noted in its Order

Denying Parties' Motion for FLSA Settlement Approval, the $25,000 in fees is five times

Williams' recovery of $5,000, Williams' attorneys did agree to a reduction of their fees and

costs as a result of the settlement negotiations, while assuring that Williams' settlement is

more than twice what he could have received on "his best day at trial." Counsel for the

Plaintiff notes that no expenses will be deducted from the recovery by Williams, and all

expenses (including half of the fees paid to the mediator) will be deducted from the

attorney's fees paid to counsel for Williams.

Third, the lodestar as calculated does not include Plaintiff's attorneys' time spent

during and since the mediation, thereby effectively lowering the discounted hourly rate even

further.

And fourth, the Defendants do not dispute the reasonableness of Williams' attorneys'

fee request as outlined in this settlement agreement.

In summary, this case is the perfect example of how the FLSA contemplates that

with relatively small violations, legal fees may and often do exceed recovery for the plaintiff.

Not allowing such legal fees potentially prohibits low wage workers from securing legal

representation in order to seek recourse for alleged FLSA violations.

## IV. CONCLUSION

Based on the foregoing, the parties jointly request that this Court approve the

settlement agreement attached hereto as **Exhibit 1** in its entirety.

06815-82541 (GAL)

Respectfully submitted,


GREG COLEMAN LAW, PC


By:      s/Gregory F. Coleman
         GREGORY F. COLEMAN (BPR No. 14092)
         LISA A. WHITE (BPR No. 26658)
         JUSTIN GLENN DAY (BPR No. 33267)
         *Attorneys for Plaintiff*
         800 S. Gay St., Ste. 1100
         Knoxville, TN 37929
         (865) 247-0080
         greg@gregcolemanlaw.com
         lisa@gregcolemanlaw.com
         justin@gregcolemanlaw.com


RAINEY, KIZER, REVIERE & BELL, P.L.C.


By:      s/ Geoffrey A. Lindley
         GEOFFREY A. LINDLEY, (BPR No. 21574)
         JENNIFER VALLOR IVY, (BPR No. 33600)
         *Attorneys for Defendants*
         209 East Main Street
         P.O. Box 1147
         Jackson, Tennessee  38302-1147
         (731) 423-2414
         glindley@raineykizer.com
         jivy@raineykizer.com