06815-82541(GAL)
Darrenton Williams

## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release ("Agreement") is entered between Darrenton Williams ("Claimant") and Aloha Pools & Spas of Jackson, Union City and Paducah, LLC., Dennis Cook, Michelle Cook, and their officers, directors, members, partners, agents, predecessor companies, and successor companies (collectively "Released Parties.")  The terms of the agreement are as follows:

1. <u>Nature of Controversy</u>.  Claimant has alleged violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. section 201, *et seq.*, for alleged overtime wages due him.  Released Parties have denied these allegations and continue to deny these allegations.  Therefore, this Agreement is entered not as an admission of any liability by any party, but purely in a mutual spirit of compromise and to avoid any further costs and fees of litigation.

2. <u>Consideration by Claimant</u>.  Upon receipt of the payments set forth in paragraph 3, Claimant agrees to release any and all claims or causes of action, known or unknown, including but not limited to claims under the Fair Labor Standards Act of 1938, the Americans with Disabilities Act, Title VII of the 1964 Civil Rights Act, the Tennessee Human Rights Act, the Tennessee Public Protection Act, all discrimination and wrongful discharge laws, all state statutory laws, all federal statutory laws, all state common laws, all federal common laws, all state regulations, all federal regulations, and any further conceivable claim which Claimant may have against Released Parties as of the date of Claimant's signing of the Agreement, including but not limited to all claims asserted in <u>Darrenton Williams, on behalf of himself and all others similarly situated, v. Aloha Pools & Spas, et. al.</u>, United States District Court for the Western District of Tennessee,

1

06815-82541(GAL)
Darrenton Williams

Eastern Division, case number 17-1129, which shall be dismissed with prejudice in its entirety as part of this Agreement.  **This release is purposefully broad, and it is intended to capture any conceivable claim which Claimant may currently have against the Released Parties.**

3. <u>Consideration by Released Parties.</u>  Upon Claimant signing this Release Agreement and delivering it to counsel for Released Parties, the Released Parties shall cause to be issued and deliver separate lump sum checks, payable as follows:

   A. A payroll check in the amount of $1,212.75, less applicable withholdings, payable solely to Darrenton Williams, for his disputed claim for lost wages. The Released Parties will have an IRS Form W-2 issued for this amount. This amount shall be due and payable no later than February 16, 2018, so long as this Agreement is executed by Claimant prior to that date.

   B. A check in the amount of $1,212.75 payable solely to Darrenton Williams, for his disputed claim for liquidated damages under the FLSA.  The Released Parties will have an IRS Form 1099 issued in this amount.  This amount shall be due and payable no later than February 16, 2018, so long as this Agreement is executed by Claimant prior to that date.

   C. A check in the amount of $2,574.50 payable solely to Darrenton Williams, for a convenience fee for bringing the collective action in this case under the FLSA.  The Released Parties will have an IRS Form 1099 issued in this amount.  This amount shall be due and payable no later than February 16, 2018, so long as this Agreement is executed by Claimant prior to that date.

06815-82541(GAL)
Darrenton Williams

  D. A check in the amount of $8,333.34, payable solely to Greg Coleman Law, PC, in recognition of its attorney's fees and advanced litigation expenses. The Released Parties will have an IRS Form 1099 issued in this amount. This amount shall be due and payable no later than March 31, 2018, so long as this Agreement is executed by Claimant prior to that date.

  E. A check in the amount of $8,333.33, payable solely to Greg Coleman Law, PC, in recognition of its attorney's fees and advanced litigation expenses. The Released Parties will have an IRS Form 1099 issued in this amount. This amount shall be due and payable no later than April 30, 2018, so long as this Agreement is executed by Claimant prior to that date.

  F. A check in the amount of $8,333.33, payable solely to Greg Coleman Law, PC, in recognition of its attorney's fees and advanced litigation expenses. The Released Parties will have an IRS Form 1099 issued in this amount. This amount shall be due and payable no later than May 31, 2018, so long as this Agreement is executed by Claimant prior to that date.

4. <u>Confidentiality and Non-Disparagement</u>. Released Parties and its representatives, including attorneys, shall not publicly criticize, denigrate or make any disparaging remarks concerning Claimant. As to Released Parties, this provision shall apply only to board members, executives, current members of management (as long as they remain employed by Released Parties) and persons having express knowledge of this Agreement. Any claim by Claimant of any violation of this provision by an executive or current member of management shall be directed only against that person and not against Released Parties unless the alleged remarks can be shown to have been made with Released

3

06815-82541(GAL)
Darrenton Williams

    Parties' advance knowledge of, and express consent to, or knowing ratification of, such remark. All parties recognize mutual benefits in keeping the terms of this Agreement strictly confidential. Therefore, as part of this Agreement, the parties agree to keep all of the terms of this settlement strictly confidential, provided, however, that the parties may disclose these terms to their attorneys, accountants, and/or any professional tax preparer. Further, the parties each agree that neither will make any disparaging comments about the other. If any party is asked about the lawsuit which is the subject of this agreement, each shall state it was "resolved by agreement." If Released Parties are asked about Claimant's employment, Released Parties shall respond solely with a neutral reference providing only the dates of employment and position held and without giving any negative reference.

5. <u>Liquidated Damages</u>. If Claimant violates the Confidentiality provisions contained in Section 4 of this Agreement, then he shall immediately be liable to Released Parties in the amount of $2,500.00.

6. <u>Choice of Law</u>. This agreement is entered under the laws of the State of Tennessee and shall be construed thereunder.

7. <u>Contra Proferentum</u>. This Agreement is the product of mutual drafting and negotiation by the Clamant and Released Parties. Accordingly, the rule of *contra proferentum* (construction against the drafter) shall not apply against either party.

8. <u>Attorney's Fees</u>. Upon satisfaction of paragraph 3, above, Claimant's attorney's fees and costs will be completely satisfied and Claimant shall make no further claim of either attorney's fees or expenses whatsoever. Should the Released Parties default on any of their obligations under paragraph 3, claimant and Greg

4

06815-82541(GAL)
Darrenton Williams

> Coleman Law, PC, shall have a right to recover their attorney's fees to pursue the amounts owed under this agreement.

9. <u>Entire Agreement and Severability</u>**.**  This document constitutes the entire agreement of the parties and can only be amended with a signed written agreement.  In the event any part of this document becomes unenforceable or is rendered void, it shall not affect the validity or enforceability of the remainder of the document.

10. <u>Taxes</u>.  Claimant expressly acknowledges that no representations have been made to him by Released Parties regarding the tax or other implications of any payment made under this Agreement.  Claimant agrees that, if it is determined that any federal, state, or local income or payroll taxes, including FUTA, SUTA or FICA, should have been paid on any portion of the payments set forth in Paragraph 3 of this Agreement that have not already been paid as part of this Agreement, he agrees to indemnify and hold Released Parties harmless from any and all tax liability they or he incurs, including interest and/or penalties.

11. <u>Re-Employment</u>. Claimant agrees that he will not seek reemployment with Released Parties or any businesses/companies/entities owned by Released Parties at any time.

12. <u>Additional Complaints</u>. Claimant represents that he has not filed any complaints or charges against Released Parties with any local, state or federal agency or court related to his employment with any of the Released Parties other than the action listed in numbered paragraph 2 above.

06815-82541(GAL)
Darrenton Williams

**By signing below, each party admits reading this Agreement, understanding this Agreement, and to being bound by this Agreement.**

_____
**DARRENTON WILLIAMS**

Sworn to and subscribed before me this the \_\_\_\_\_ day of February, 2018.

_____
Notary Public

My Commission Expires: _____

_____
**MICHELLE COOK**

Sworn to and subscribed before me this the \_\_\_\_\_ day of February, 2018.

_____
Notary Public

My Commission Expires: _____

_____
**DENNIS COOK,**
**ON HIS OWN BEHALF AND ON BEHALF**
**OF ALOHA POOLS & SPAS OF JACKSON,**
**UNION CITY, AND PADUCHA, LLC**

Sworn to and subscribed before me this the \_\_\_\_\_ day of February, 2018.

_____
Notary Public

My Commission Expires: _____